JASON J. BACH, ESQ.
Nevada Bar No.: 7984
JENNIFER E. SIMS, ESQ.
Nevada Bar No.: 7913
THE BACH LAW FIRM, LLC
2620 Regatta Dr., Ste. 102
Las Vegas, NV 89128
Tel: (702) 925-8787
Fax: (702) 925-8788
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| KEVIN LUCEY, | CASE NO. |
| Plaintiff, | |
| v. | |
| NEVADA SYSTEM OF HIGHER EDUCATION, a Political Subdivision of the State of Nevada; UNIVERSITY OF NEVADA, LAS VEGAS, a Political Subdivision of the State of Nevada; REBECCA MILLS, individually and as Vice President for Student Life of the University of Nevada, Las Vegas; RICHARD CLARK, individually and as Director of Student Conduct and Residential Life of the University of Nevada, Las Vegas; PHILLIP BURNS, individually and as Senior Student Conduct Officer of the University of Nevada, Las Vegas; DOES I-XX, inclusive, | **COMPLAINT** <br> **(JURY DEMANDED)** |
| Defendants. | |

COMES NOW, Plaintiff, KEVIN LUCEY (hereinafter referred to as "Plaintiff"), by and through his attorney of record, JASON J. BACH, ESQ. and JENNIFER E. SIMS, ESQ., of THE BACH LAW FIRM, LLC, and hereby complains and alleges against the above-named Defendants, and each of them, based upon knowledge, information and a reasonable belief derived therefrom, as follows:

///

///

## INTRODUCTION

This is a Complaint for Damages and Declaratory Judgment, pursuant to Fed. R. Civ. P. 57, brought by a student of the University of Nevada, Las Vegas. The claims, against the University System, the University, the Vice-President and Officers of this public university, are based upon 42 U.S.C. Section 1983 and the Fourth Amendment of the United States Constitution, alleging infringement of Plaintiff's right to substantive and procedural due process. Plaintiff also relies on the University's Student Conduct Code and allege a pendent breach of contract claim. Plaintiff has also asserted a claim against Defendants for negligent hiring, training, and supervision.

## PARTIES & JURISDICTION

1. This Court has jurisdiction over the claims set forth in this action pursuant to 28 U.S.C. Section 1331 (federal question) and 28 U.S.C. Section 1343 (civil rights).

2. Supplemental jurisdiction over Plaintiff's pendent state law claims is invoked pursuant to 28 U.S.C. Section 1367, as the claim arises out of the same transaction and occurrence as Plaintiffs' federal claim.

3. Venue is proper in the District of Nevada pursuant to 28 U.S.C. 1391(b) in that the claims arose in this district, and Plaintiffs and Defendants are located in this district.

4. Costs, expert witness fees, and attorney's fees are sought pursuant to 42 U.S.C. Section 1988.

5. Plaintiff is a resident of the State of Nevada, and at all relevant times, was a student at the University of Nevada, Las Vegas.

6. Defendant NEVADA SYSTEM OF HIGHER EDUCATION (hereinafter NSHE) is a political subdivision of the State of Nevada and operates the University of Nevada, Las Vegas, a public educational institution of higher learning.

7. Defendant UNIVERSITY OF NEVADA, LAS VEGAS (hereinafter UNLV) is a political subdivision of the State of Nevada and is a public educational institution of higher learning.

8. Defendant REBECCA MILLS is the Vice President for Student Life at UNLV. She is named in this case both individually and in her official capacity as Vice President for Student Life at UNLV.

9. Defendant RICHARD CLARK is the Director of Student Conduct and Residential Life at UNLV. He is named in this case both individually and in his official capacity as Director of Student Conduct and Residential Life at UNLV.

10. Defendant PHILLIP BURNS is the Senior Student Conduct Officer at UNLV. He is named in this case both individually and in his official capacity as Senior Student Conduct Officer at UNLV.

11. That the true names or capacities, whether individual, corporate, associate or otherwise, of Defendants JOHN DOE'S I through X are unknown to Plaintiff's, who therefore, sues said Defendants by such fictitious names.

12. Plaintiff's are informed and believes and thereon alleges that each of the Defendant's designated herein as JOHN DOE are responsible in some manner for the events and happenings referred to in this action and proximately caused damages to Plaintiffs as herein alleged, and that Plaintiffs will ask leave of this Court to amend this Complaint, to insert the true names and capacities of said Defendant's, and when the same have been ascertained to join such Defendant's in this action.

13. At all times herein, the individual Defendants and the Defendants NSHE and UNLV have been acting under color of law.

14. At all times relevant hereto, and in all their actions described herein, Defendants actions took place in the State of Nevada, County of Clark.

15. Defendants, and each of them, did the acts and omissions hereinafter alleged in bad faith and with knowledge that their conduct violated well established and settled law.

## GENERAL FACTUAL ALLEGATIONS

16. Plaintiff enrolled as a freshman at UNLV for the Fall 2006 semester.

17. Despite the fact that Plaintiff was from Southern Nevada, he and his family decided that he would reside in campus residential housing to enhance his "college experience" and to gain valuable independent living skills.

18. In September 2006 and early October 2006 Plaintiff observed very odd and strange behavior by his roommate, Tyler Paugh, including but not limited to, lighting fires in the dorm room.

19. In September and/or October 2006 Plaintiff made direct contact with residential life staff, employed by Defendants NSHE and UNLV, and informed them of the strange behavior by Mr. Paugh, that it appeared that Mr. Paugh was mentally disturbed, and Plaintiff requested an immediate room change. That request was denied.

20. On October 9, 2006 Mr. Paugh attacked Plaintiff, without provocation, with a glass bottle, striking Plaintiff numerous times, causing severe injuries. Plaintiff was taken to Desert Springs Hospital in Las Vegas, where he was treated for a head injury, scalp lacerations, scalp hematoma, and facial and scalp contusions.

21. Upon Plaintiff's discharge from Desert Springs Hospital, he attempted to return to his dormitory, only to informed by a campus police officer that was not permitted to return to his residence indefinitely, and that he was being investigated for criminal acts and violations of the UNLV Student Conduct Code.

22. Pursuant to the UNLV Student Conduct Code, Student Conduct Code Administration, Section IV, Plaintiff attended an Informal Resolution meeting with Defendant PHILLIP BURNS on October 11, 2006.

23. Plaintiff was never provided with a accounting or letter advising him of the result of the Informal Resolution process, or any offer for a formal hearing on the possible charges.

24. Plaintiff was not permitted to return to living in a residence hall until November 2, 2006.

25. On December 4, 2006 at approximately 1:00 p.m. Plaintiff received a telephone call from Defendant PHILLIP BURNS inquiring if Plaintiff would be attending a formal hearing, pursuant to the UNLV Student Conduct Code, at 2:00 p.m. on that same date.

26. Plaintiff was not provided with notice of the formal allegations against him, or the formal hearing, pursuant to UNLV Student Conduct Code, Student Conduct Code Administration, Section VII.

///

///

///

27. On December 8, 2006, Plaintiff and his parents met with Defendant RICHARD CLARK, who led Plaintiff to believe that the allegations against him had been dismissed, as Mr. Clark apologized for the manner in which Plaintiff was treated, and for the misinformation surrounding the incident.

28. However, allegedly on December 12, 2006 Defendant Clark sent a letter to Plaintiff stating that a formal hearing panel had found him to be in violation of the UNLV Student Conduct Code, and that his Sanction shall be disciplinary probation, to write a reflection paper, a "No contact" order, complete a psychological intake assessment, and to complete an unspecified number of hours of community service.

29. Despite the above letter allegedly being drafted on December 12, 2006, Plaintiff was not provided with notice of the hearing panel's decisions and results, pursuant to UNLV Student Conduct Code, Student Conduct Code Administration, Section VII. Plaintiff obtained actual notice of this letter on January 10, 2007, when a copy of the letter was received at his parents home.

30. Pursuant to UNLV Student Conduct Code, Student Conduct Code Administration, Section VIII, O, and Section IX, A, it is the duty of the Vice President for Student Life, Defendant REBECCA MILLS, to submit a written findings and recommended sanctions to the charged student. Plaintiff never received any such written findings and recommended sanctions from Defendant Mills.

31. Despite the fact that Plaintiff was not provided with notice of the allegations against him, notice of a formal hearing, notice of the result of the formal hearing, or a written findings and recommended sanctions from Defendant Mills, on January 18, 2007 Plaintiff, through his attorney, requested an appeal pursuant to UNLV Student Conduct Code, Student Conduct Code Administration, Section IX.

32. On February 21, 2007, Plaintiff received a letter from Defendant Burns denying Plaintiff's request for an appeal.

33. Moreover, in Defendant Burns February 21, 2007 letter, he alleges that Plaintiff had previously met with his office and agreed to accept responsibility for an alcohol violation on December 5, 2006, thus UNLV was deeming Plaintiff responsible for this allegation without any such acceptance by Plaintiff or without a hearing of any kind.

34. As a result of the above, Defendants, and each of them, have wrongly caused a hold to be placed on Plaintiff's transcript, and for the above sanctions to be wrongly placed on his record, all in violation of his U.S. Constitutional rights, depriving him of the opportunity to obtain an education and further his career, and inflicting emotional distress, all damaging him in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

## FIRST CAUSE OF ACTION

### *CIVIL RIGHTS VIOLATION, FOURTH AMENDMENT TO THE U.S. CONSTITUTION*

35. Paragraphs 1 through 34, inclusive are incorporated by reference.

36. The actions of Defendants resulted from, and were taken, pursuant to a *de facto* policy of Defendant's UNLV and NSHE, which is implemented by Student Conduct Officers, Directors of Student Conduct, and by the Vice President for Student Life, and other employees of the said Defendant's, all acting under the color of law, who choose to violate Plaintiff's constitutional rights, without rightful authority of law.

37. The existence of the *de facto* policy described above has been known to supervisory and policy making officers and officials of said Defendants for a substantial period of time.

38. Despite their knowledge of the said illegal policy and practices, supervisory and policy-making officers and officials of the said Defendants have not taken steps to determine the said practices, have not disciplined or otherwise properly supervised the individual employees who engaged in the said practices, have not effectively trained Student Conduct Officers, Directors of Student Conduct, and the Vice President for Student Life with regard to the proper constitutional and statutory limits on the exercise of their authority, and have instead sanctioned the policy and the practices described herein.

39. That the above actions by Defendants have resulted in both the substantive and procedural due process denial of rights, all in violation of the Fourth Amendment to the United States Constitution.

40. That by reason of the aforesaid actions, Defendant's actions exhibit deliberate indifference to and/or reckless disregard for the constitutional rights of Plaintiff and other similarly situated students, all in violation of the Plaintiff's constitutional rights, and as a direct and proximate

result thereof, the Plaintiff's sustained severe damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

41. That by reason of the aforesaid actions, Plaintiff is entitled to a Permanent Injunction prohibiting the Defendant's, or their agents, from placing a hold on his academic transcript, or placing any notation of any findings or sanctions against him, in Plaintiff's student file or upon his transcript.

42. The acts, conduct and behavior of each of the Individual Defendant's was performed knowingly, intentionally, oppressively, and maliciously, by reason of which Plaintiff is entitled to punitive damages in a sum in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

43. It has been necessary for the Plaintiff to obtain the services of an attorney to prosecute this action, and Plaintiff is entitled to an award of attorney's fees and costs of suit incurred herein.

## SECOND CAUSE OF ACTION

### *BREACH OF CONTRACT*

44. Paragraphs 1 through 43, inclusive are incorporated by reference.

45. Plaintiff has an express and implied contract with Defendants in connection with rights explicitly guaranteed by UNLV and NSHE pursuant to the UNLV Student Conduct Code, NSHE Code, and the UNLV Student Handbook.

46. The actions of Defendants constitute a breach of the express and implied contract.

47. As a result of the breach committed against the Plaintiff, he has been damaged all in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

48. That by reason of the aforesaid actions, Plaintiff is entitled to a Permanent Injunction prohibiting the Defendant's, or their agents, from placing a hold on his academic transcript, or placing any notation of any findings or sanctions against him, in Plaintiff's student file or upon his transcript.

49. It has been necessary for the Plaintiff to obtain the services of an attorney to prosecute this action, and Plaintiff is entitled to an award of attorney's fees and costs of suit incurred herein.

///

///

## THIRD CAUSE OF ACTION

### *NEGLIGENCE / NEGLIGENT HIRING, TRAINING, & SUPERVISION*

50. Paragraphs 1 through 49, inclusive, are incorporated by reference.

51. At all times material and relevant herein, the Defendants had a duty to not violate the Constitutional rights of their students.

52. At all times relevant herein, the Defendant UNLV and NSHE had a duty not to hire individuals with a propensity towards committing unlawful acts against those who lawfully go about their business, and to adequately train and supervise their agents, officers, and employees.

53. At all times relevant herein, the Defendant UNLV and NSHE had a duty to protect the public, such as Plaintiffs, from the illegal actions of their own agents, officers, employees and others. In addition, Defendant UNLV and NSHE had a duty not to hire individuals with a propensity towards committing unlawful acts against the public, and to adequately train and supervise their employees.

54. Defendants, and each of them, breached their respective duties, and are therefore negligent and liable to the Plaintiff, who has suffered serious economic loss, loss of reputation, loss of daily and future income, and to incur severe financial obligations in order to retain attorneys, as well as other painful injuries, deprivation of his liberty, invasion of his privacy, grievous mental suffering, all to his damage in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

55. It has been necessary for the Plaintiff to obtain the services of an attorney to prosecute this action, and Plaintiff is entitled to an award of attorney's fees and costs of suit incurred herein.

## FOURTH CAUSE OF ACTION

### *INTENTIONAL AND NEGLIGENT INFLICTION OF SEVERE MENTAL DISTRESS*

56. Paragraphs 1 through 55, inclusive, are incorporated by reference.

57. As a result of Defendants intentional conduct and omissions, Plaintiff, suffered and continues to suffer great mental and emotional harm, anguish, insecurity, self-revulsion, damage to his self-esteem, and self-worth, shame and humiliation.

///

58. Plaintiff has required medical and psychological care as result of the actions and inactions of Defendants. This has caused Plaintiff to incur expenses for medical care, treatment, and expenses incidental thereto. The total amount of Plaintiff's damages cannot yet be fully ascertained, and as such we respectfully ask leave of this Court to amend Plaintiff's Complaint to insert the full amount when such have been fully ascertained.

59. As a result of the mental distress described above, Plaintiff has suffered serious psychological injury, loss of community reputation, medical expenses, and to incur severe financial obligations in order to retain attorneys to seek redress against the unlawful conduct of the Defendants, as well as deprivation of his liberty, invasion of his privacy, and grievous mental suffering, all to damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

60. The acts, conduct and behavior of the Defendants were performed willfully, intentionally, oppressively, fraudulently and maliciously, by reason of which Plaintiff, is entitled to punitive damages in a sum in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

61. It has been necessary for Plaintiff to obtain the services of an attorney to prosecute this action, and Plaintiff is entitled to an award of attorney's fees and costs of suit incurred herein.

## FIFTH CAUSE OF ACTION
### *INJUNCTIVE AND DECLARATORY RELIEF*

62. Paragraphs 1 through 61 inclusive are incorporated by reference.

63. Defendant actions of placing a hold on his academic transcript, and the placing of notations of any accusations, findings, or sanctions against him, in Plaintiff's student file or upon his transcript, is unjust and illegal.

64. The harm caused by Defendant is irreparable and can only mitigated by the release of the above transcripts and omission of any notations. For that reason, Plaintiff is entitled to an order requiring Defendants to immediately release any holds on his transcript, remove any notations of any disciplinary accusations, findings or sanctions, and prohibiting Defendants from further interfering with Plaintiffs educational future.

///

65. As a result of the acts committed against Plaintiff, he has been damaged all in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

66. As a result of Defendants' intentional conduct, they have caused Plaintiff to incur attorney's fees in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and thus Plaintiff is entitled to an award of attorney's fees.

**WHEREFORE,** Plaintiff prays that this Honorable Court: Enter judgment in Plaintiff's favor, and against the Defendants, and each of them: (a) for compensatory damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00); (b) for punitive damages each in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00); © for injunctive and declaratory relief; and (d) together with the costs and disbursements of this action and such other attorney's fees pursuant to 42 U.S.C. §1988, and further relief as justice requires.

DATED this 21st day of May, 2007.

THE BACH LAW FIRM, LLC

By: _____
JASON J. BACH, ESQ.
Nevada Bar No.: 7984
JENNIFER E. SIMS, ESQ.
Nevada Bar No.: 7913
THE BACH LAW FIRM, LLC
2620 Regatta Dr., Ste. 102
Las Vegas, NV 89128
Tel: (702) 925-8787
Fax: (702) 925-8788
Attorneys for Plaintiff